1  JOHNSON & PHAM, LLP
2  Christopher Q. Pham, SBN: 206697
          E-mail: cpham@johnsonpham.com
   Jason R. Vener, SBN: 267941
3          E-mail: jvener@johnsonpham.com
   6355 Topanga Canyon Boulevard, Suite 326
4  Woodland Hills, California 91367
   Telephone:   (818) 888-7540
5  Facsimile:    (818) 888-7544

6  Attorneys for Plaintiff/Counter-Defendant
   FOREVER 21, INC.
7
8  [COUNSEL FOR ADDITIONAL PARTIES LISTED ON NEXT PAGE]

9            **UNITED STATES DISTRICT COURT**

10           **CENTRAL DISTRICT OF CALIFORNIA**

11

12 | FOREVER 21, INC., a Delaware Corporation, | Case No.:  14-CV-01913 DSF (RZx) |

13         Plaintiff,        **SECOND [~~PROPOSED~~]
                             STIPULATED PROTECTIVE
14         v.                ORDER**

15 CROSSROADS TRADING CO.,
16 INC., A California Corporation, et
   al.,
17
           Defendants.       NOTE: CHANGES HAVE BEEN
18                           MADE TO THIS DOCUMENT

19 AND RELATED ACTIONS

20

21 ——

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27

28

Julie E. Hofer, #152185
jhofer@donahue.com
Daniel J. Schacht, #259717
dschacht@donahue.com
DONAHUE FITZGERALD, LLP
Attorneys at Law
1999 Harrison Street, 25th Floor
Oakland, California 94612-3520
Telephone:   (510) 451-3300
Facsimile:    (510) 451-1527

Attorneys for Defendant, Cross-Complainant
and Third Party Plaintiff
CROSSROADS TRADING CO., INC.

David H. Boren – Bar No. 186316
dboren@rlscf.com
Gregory N. Weisman – Bar No. 172248
gweisman@rlscf.com
RITHOLZ LEVY SANDERS CHIDEKEL & FIELDS
421 South Beverly Drive, 8th Floor
Beverly Hills, CA 90212
Telephone:  (310) 282-9449
Facsimile:  (310) 282-2549

Attorneys for Defendant
BMM, INC. d/b/a B. BRONSON

Maurice David Pessah – Bar No. 275955
maurice@pessahgroup.com
PESSAH LAW GROUP, P.C.
10100 Santa Monica Blvd., Suite 300
Los Angeles, CA 90067
Telephone:  (310)651-2371
Facsimile:  (310) 247-0507

Attorney for Defendant
MEESHEE, INC. d/b/a/ S.O.B.

/ / /

/ / /

/ / /

/ / /

- 2 -

1.   **LIMITED SCOPE OF ORDER**

1.1.   In the above-captioned action (the "Action"), Plaintiff Forever 21, Inc. and Defendants Crossroads Trading Co., Inc., BMM, Inc. and Meeshee, Inc. (hereinafter "Defendants") anticipate the exchange of confidential and highly confidential information regarding garments that are the subject of this Action. The parties have stipulated to the entry of this protective order (the "Order") governing the exchange and use of confidential and highly confidential documents and information in discovery.

1.2.   Further, this Order does not affect the burden of proof that must be met by a party seeking to protect confidential documents or information that is filed in the court records in this case. A party seeking to protect information to be filed in the public records must prove that the documents or information meets the standards set forth in *Pintos v. Pacific Creditors Association*, 605 F.3d 665 (9th Cir. 2009), and other relevant authority. In meeting that burden, a party may not rely on its own designation of material as "Confidential" or "Highly Confidential" under this Order.

1.3.   Nothing in this order shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from the use or disclosure of information that is publicly known. Further, nothing in this Order restricts the ability of any party to use or disclose its own confidential material as it deems appropriate.

2.   **GOOD CAUSE STATEMENT**

2.1.   Because this case concerns, among other things, orders for garments, Plaintiff and Defendant may be required to exchange competitively sensitive information about each of their respective business activities to which the parties and third parties would not otherwise have access. Allowing the parties or third parties to use such competitively sensitive information would cause harm to the

competitive position of the disclosing party. The parties seek the entry of this order to prevent the unauthorized use or dissemination of confidential information produced in discovery during this Action.

2.2.   No document, information or thing shall be designated "Confidential" or "Highly Confidential" unless good cause exists for such designation under the standards set forth in *Pintos v. Pacific Creditors Association*, 605 F.3d 665 (9th Cir. 2009) and other relevant authority. Good cause exists for the designation of information as "Highly Confidential" when the information has not been made public and falls into one of the following categories:

(a)   confidential future business, planning, allocating, marketing or sales plans, including specific business plans, strategies and projections, future marketing plans and strategies, future sales plans and strategies, forward-looking pricing strategies; the development of new brand and product line concepts, extensions of existing product lines, and other similar forward-looking information that is kept confidential by the party.

(b)   specific financial information at a level of detail beyond that disclosed in sources available to the public.

(c)   results of research, studies or other analyses that the parties expended money to develop or obtain and that would be useful to current or potential competitors. This category includes, among other things, consumer research studies that the parties commissioned at considerable expense from third parties, complex market analyses provided by third parties under contracts with non-disclosure clauses, and analyses of other competitors in the market.

(d)   terms of contracts with the parties' vendors, suppliers or customers that could be used by current or potential competitors in their own negotiations with suppliers or customers.

(e)   specific proprietary purchasing and pricing formulas or proprietary manufacturing, styling, or garment modification specifications.

(f)    brand and product line concepts in development that have not been launched into the market.

2.3.   Good cause exists for the designation of information as "Confidential" when the information has not been revealed to the public and the information falls into one of the following categories:

(a)    the information is contained in a document or is presented in a form that, when analyzed in conjunction with other information produced in the Action, would reveal information in categories set forth in paragraph 5(a) to (e) above;

(b)    private information about any party, officer, employee or other individual;

(c)    commercially sensitive information regarding the development, production, marketing, branding, sales or promotion of the parties' products or finances, the disclosure of which would have the effect of causing harm to the competitive position of the person or entity from which the information is obtained.

2.4.   The parties shall use reasonable efforts to minimize the amount of material designated as "Confidential" or "Highly Confidential."

2.5.   This Order applies to such "Confidential" and "Highly Confidential" information furnished in this litigation regardless of the form in which it is transmitted and regardless whether the information is furnished by a party or third party. Such information may be contained in documents, written discovery responses, declarations, deposition testimony, exhibits, and other materials or testimony provided by any party or third party during this Action.  Such materials are collectively referred to as "Discovery Materials" in this Order.

3.    <u>DEFINITIONS</u>

3.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

- 3 -

3.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

3.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

3.4     Designated House Counsel: House Counsel who seeks access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

3.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

3.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

3.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.9     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside

- 4 -

counsel.

3.10   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Action.

3.11   Outside Counsel of Record: attorneys who are not employees of a party to the Action but are retained to represent or advise a party to the Action and have appeared in the Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

3.12   Party: any party to the Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.13   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

3.14   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.15   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.16   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in the Action, with or without prejudice; and (2) final judgment in the Action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action,

including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

    (a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that

- 6 -

the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after receiving a certified copy of the deposition to identify the

specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 day period set forth above shall be covered by the provisions of this Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days after receiving a certified copy of the deposition transcript (if that period is properly invoked), that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."**

**Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.**

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the

- 8 -

exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.  If a CD, DVD or other device is produced in this litigation and is marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the outside of the CD or DVD or other device, that designation shall apply to all materials included on that CD, DVD or device.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Any Party or Non Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens or a significant disruption or delay in the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  A party may challenge the designation of confidentiality of any material under this Order under the procedures set forth in Local Rules 37-1 through Local Rules 37-4.  If the parties are unable to resolve the issue informally pursuant to Local Rule 37-1, the challenging party may move for an order granting access to the information under less burdensome conditions pursuant to the procedures set forth in Local Rule 37-2 through Local Rule 37-4.  In making or opposing any motion relating to the

designation of confidential information, the party seeking to maintain a document as confidential shall bear the burden of showing specific prejudice or harm will result if a protective order is not granted.  Any designation set forth by a party shall remain as such until the Designating Party changes such designation or if the Court issues an order stating that the material is not properly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle the Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner, including storing electronic Protected Material in password-protected form, that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in the Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and

- 10 -

who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **unless otherwise agreed by the Designating Party or ordered by the court**. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in the Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably

necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed; and (5) viewing "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information only in the presence of Outside Counsel of Record at their offices.

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.</u>

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order must disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later-arising competitive decision-making responsibilities.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion in this Court seeking permission from this Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation, not including the Action, that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

/ / /

/ / /

10.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, after being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim.

11.   <u>MISCELLANEOUS</u>

11.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

11.2   <u>Right to Assert Other Objections</u>. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the local rules of that court.

12.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of the Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion

1  papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,
2  deposition and trial exhibits, expert reports, attorney work product, and consultant
3  and expert work product, even if such materials contain Protected Material. Any
4  such archival copies that contain or constitute Protected Material remain subject to
5  this Protective Order as set forth in Section 4 (DURATION).

6

7           IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

8

9

10

11

12  DATE: August 1, 2014                    DONAHUE FITZGERALD LLP

13                                           _/s/ Daniel J. Schacht_____
14                                           Julie E. Hofer, Esq.
                                             Daniel J. Schacht, Esq.
15                                           Attorneys For Defendant, Counter-
                                             Claimant and Third-Party Plaintiff
16                                           CROSSROADS TRADING CO., INC.
17  DATE: August 5, 2014                    RITHOLZ LEVY SANDERS
18                                           CHIDEKEL & FIELDS
19                                           _/s/David H. Boren_____
20                                           David H. Boren, Esq.
                                             Attorneys For
21                                           Defendant BMM, INC. dba B.
22                                           Bronson
23  DATE: August 6, 2014                    PESSAH LAW GROUP, P.C.
24                                           _/s/Maurice David Pessah_____
25                                           Maurice David Pessah, Esq.
                                             Attorney for Defendant
26                                           MEESHEE, INC. d/b/a/ S.O.B.
27

28

DATE: August 7, 2014                    JOHNSON & PHAM, LLP


                                         _/s/ Jason R. Vener _____
                                         Christopher Q. Pham, Esq.
                                         Jason R. Vener, Esq.
                                         Attorney For
                                         Plaintiff FOREVER 21, INC.



PURSUANT TO STIPULATION, IT IS SO ORDERED, with the following
notations:

   1.  Disclosure of "confidential" or "highly confidential" materials is allowed
       to any person acting in a settlement capacity, whether it be a judge of this
       Court or a private mediator.

   2.  Notwithstanding anything else in this Order which may be to the
       contrary, this Order shall *not* govern in connection with proceedings on
       dispositive motions or at trial.  If protection is desired in connection with
       materials to be used or testimony to be adduced at those proceedings, the
       party desiring such protection must make an appropriate motion before
       the officer who will preside at those proceedings.


The Court enters this order with great reluctance, as the showing of need is quite
slim, even though the parties have defined categories with greater precision than
before.  However, given the number of different categories, there is a substantial
question as to whether any materials are not covered, despite the language of the
order that the parties shall exercise restraint in their designations.  The Court gives
the parties the benefit of the doubt, but warns them that this Order can be modified
if it proves unworkable.


Dated: August 19, 2014           _____
                                 HON. RALPH ZAREFSKY

                                 United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14

## EXHIBIT A

15

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

16    I, _____ [print or type full name], of

17   _____ [print or type full address], declare under penalty of perjury

18   that I have read in its entirety and understand the Stipulated Protective Order that

19   was issued by the United States District Court for the Central District of California

20   on _____ [date] in the case of *Forever 21, Inc.  v.  Crossroads Trading*

21   *Co., Inc.*, Case No. 14-CV-01913 DSF (RZx). I agree to comply with and to be

22   bound by all the terms of this Stipulated Protective Order and I understand and

23   acknowledge that failure to so comply could expose me to sanctions and

24   punishment in the nature of contempt. I solemnly promise that I will not disclose in

25   any manner any information or item that is subject to this Stipulated Protective

26   Order to any person or entity except in strict compliance with the provisions of this

27   Order.

28    I further agree to submit to the jurisdiction of the United States District Court

- 19 -

1  for the Central District of California for the purpose of enforcing the terms of this

2  Stipulated Protective Order, even if such enforcement proceedings occur after

3  termination of this action.

4         I hereby appoint _____ [print or type full name] of

5  _____ [print or type full address and

6  telephone number] as my California agent for service of process in connection with

7  this action or any proceedings related to enforcement of this Stipulated Protective

8  Order.

9  Date: _____

10  City and State where sworn and signed: _____

11  Printed name: _____
        [printed name]

12  Signature: _____
        [signature]

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER