1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOREVER 21, INC., a Delaware Corporation, | Case No.: CV14-01913 DSF (RZx) |
| Plaintiff, | **PERMANENT INJUNCTION AND DISMISSAL, WITHOUT PREJUDICE, AGAINST DEFENDANT BOULEVARD APPAREL, INC.** |
| v. | |
| CROSSROADS TRADING CO., INC., a California Corporation; BASEMENT CLOTHING USA, INC., a California Corporation; BMM, INC., a California Corporation d/b/a B. BRONSON; MEESHEE, INC., a California Corporation d/b/a S.O.B.; S.A. MIZRAHI ENTERPRISES, INC., a California Corporation d/b/a MIZRAHI & GARDNER and a/d/b/a MIZRAHI/GARDNER; TRIPLE02, INC., a California Corporation d/b/a TBI APPAREL; EXIMUS, INC., a California Corporation; SAPMAN SPORTSWEAR, INC., a California Corporation; BOULEVARD APPAREL, INC., a Delaware Corporation; and DOES 1-10, Inclusive, | Honorable Judge Dale S. Fischer |
| Defendants. | |
| AND RELATED ACTION | |

- 1 -
**[PROPOSED] PERMANENT INJUNCTION AND DISMISSAL, WITHOUT PREJUDICE**

The Court, pursuant to the Stipulation for Entry of Permanent Injunction and Dismissal, without prejudice, between Plaintiff Forever 21, Inc. ("Forever 21"), on the one hand, and Defendant Boulevard Apparel, Inc. ("Defendant"), on the other hand, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against Defendant as follows:

1. **PERMANENT INJUNCTION.**  Pursuant to 15 United States Code §1116, Defendant is hereby restrained and enjoined from engaging in, directly or indirectly, any of the following activities in the United States and throughout the world without the express written consent of Forever 21:

   a. copying, manufacturing, importing, exporting, marketing, displaying, purchasing, selling, offering for sale, reproducing, acquiring, transferring, brokering, consigning, storing, shipping, licensing, developing, delivering, distributing and/or dealing in any product or service that uses, or otherwise makes any use of, references or relates to Forever 21 or any of Forever 21's Trademarks, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, references or relates to Forever 21 or any of Forever 21's Trademarks;

   b. importing, exporting, making, manufacturing, reproducing, assembling, using, acquiring, purchasing, offering, selling, transferring, brokering, consigning, distributing, storing, licensing, developing, displaying, delivering, marketing, advertising or promoting any product which bears, partially bears, or, of which Defendant is on reasonable notice that the product at any time bore any of Forever 21's Trademarks, even if those marks have been blacked out, cut out, punched out, removed, or otherwise altered, manipulated or obliterated;

   c. using any trademark or trade name that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that unauthorized products, imported, exported, manufactured, reproduced, distributed, assembled, acquired, exported, offered, sold, transferred,

brokered, consigned, distributed, shipped, marketed, advertised and/or promoted by Defendant originate from Forever 21, or that said merchandise has been sponsored, approved, licensed by, or associated with Forever 21 or is, in some way, connected or affiliated with Forever 21;

      d.    engaging in any conduct that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Defendant itself is connected with, or is in some way sponsored by or affiliated with Forever 21, purchases products from or otherwise has a business relationship with Forever 21;

      e.    performing or allowing others employed by or representing Boulevard, or under its control, to perform any act or thing which is likely to injure Forever 21 or Forever 21's rights in and to Forever 21's Trademarks and/or Forever 21's business reputation or goodwill arising therefrom; and

      f.    engaging in any acts of federal and/or state trademark infringement, false designation, false advertising, unfair competition, dilution, or other act(s) which would tend to damage or injure Forever 21's rights in and to Forever 21's Trademarks.

2. This Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

3. The Court finds there is no just reason for delay in entering this Permanent Injunction, and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendant.

4. **<u>NO APPEALS AND CONTINUING JURISDICTION.</u>** No appeals shall be taken from this Permanent Injunction, and Plaintiff and Defendant waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction by Defendant.

5.     **NO FEES AND COSTS.**  Plaintiff and Defendant shall bear their own attorneys' fees and costs incurred to date in this action.

6.     **DISMISSAL OF THE ACTION.**  The Court hereby dismisses the action as to Defendant, without prejudice, upon entry of this Permanent Injunction against Defendant.

IT IS SO ORDERED, ADJUDICATED and DECREED this 24th day of October, 2014.

*Dale S. Fischer*
_____
HON. DALE S. FISCHER
United States District Judge
Central District of California